UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OLEG KORSUNTSEV

              Petitioner,

      v.

*Pam Bondi*, Attorney General

              Respondents.

PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT
TO 28 U.S.C. §2241

Civ. No.: 25 CV 6231

 

    Petitioner, Oleg Korsuntsev, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

PARTIES

    1.) Petitioner Oleg Korsuntsev a lawful permanent resident of the United States, and a native and citizen of Uzbekistan. On July 19th,2024 He has been detained by the Bureau of Immigration and Customs Enforcement (ICE) for over 9 months. He was ordered deported on October 16th,2024

    2.) Respondent *Pam Bondi* is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration laws. As such, she is the ultimate legal custodian of the Petitioner.

    3.)    Field Office Director  S. Kurzdorfer for Detention and Removal, Buffalo Field Office, Bureau of Immigration and Customs

Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

4.) Department of Homeland Security is the agency charged with implementing and enforcing the Immigration laws.

5.) Respondent and the Facility Director of the Buffalo Federal Detention Facility in Batavia, New York where Petitioner is detained and he has immediate custody of the Petitioner.

CUSTODY

6.) Petitioner is detained at the Buffalo Federal Detention Facility at 4250 Federal Drive, Batavia, New York where immigrant detainees are held. Petitioner is under the direct control of Respondents and all their agents.

JURISDICTION

7.) This action arises under the Constitution of the United States, and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. This Court has jurisdiction under 28 U.S.C. § 2241, Art. I § 9, Cl. 2 of the United States Constitution (Suspension Clause), and 28 U.S.C. § 1331, as the petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See

Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001).

## VENUE

8.) Venue lies in the Western District of New York because Petitioner is currently detained at the Buffalo Federal Detention Facility. Venue in the Western District of New York is also proper because Petitioner is in the custody of Interim Field Office Director of Buffalo, which encompasses the area where Petitioner is detained. 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

9.) Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R. §241.4. On July 19,2024 Mr. Korsuntsev was taken in to ICE custody. At his "90-day" custody review  ICE decided to continue his detention on February 20,2025. In his 180 days review a decision he havnt recieved any reveiw yet, from ICE's Headquarters Post-Order Detention unit (HQPODU) will informed Petitioner about his custody.see Exhibit(A) The custody review regulations do not provide for appeal from a HQPODU custody review decision. See 8 C.F.R. §241.4(d).

10.) No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

### STATEMENT OF FACTS

*A.   Background*

11.) Petitioner,(Mr. Korsuntev), was born in Uzbekistan. Mr. Mr. Korsuntev came to the United States as a Lawful permanent Resident. Petitioner lived with his wife and childrens, that are citizen of America. Petitioner rest of his families thru out America are citizen as well .

12.) On October 16th,2024 an immigration judge entered an administrative order to have Petitioner removed from the United States to Uzbekistan.

13.) Petitioner was ordered removed because of his charges on his Notice To Appear.

14.) Petitioner was released from New York State Department of Correctional Services into ICE custody on July 19th,2024 where he is detained at the Buffalo Federal Detention Facility. He has cooperated fully with all efforts by ICE to expedite his removal from the United States to Uzbekistan. Although Petitioner's order of removal became final, Petitioner has yet to receive any travel documents from the Uzbekistan consulate.

15.) Petitioner has been in detention for over 9 months. After receiving a final removal order ICE has been unable to

carry out his removal. Petitioner's consulate has not issued travel documents and there is no certainty as to when, if ever, such papers will be issued. Thus, Petitioner's removal from the United States is not likely to occur within the reasonable foreseeable future. See Habtegaber v. Jenifer, 256 F. Supp. 2d 692, 697-98 (E. D. Mich. 2003) (Ethiopian national ordered released after 7 months detention where neither Ethiopia nor Eritera responded to INS's request for travel documents); Okwilago v. Immigration & Naturalization Service, No. 3-01-CV-1416-BD, 2002 WL 356758, *3 (N.D. Tex. Mar. 1, 2002. The Court explained that the intrest 1226(c)- detained noncitizen hold is the most significant liberty interest there is-the interest in being free from imprisonment. Black, 103 F.4th at 151 (quoting 1226(c)Velasco Lopez v. Decker, 978 F.3d 842, 851 (2d Cir.2020). The Court noted that noncitizendetained under 8 U.S.C § 1226(c) possess the same liberty interest as noncitizens detained under any other statute. see id. And, it highlighted that 1226(c)- detained noncitizens lack any administrative mechanisms by which they could challenge their detention. see id. Here, because Mr. Korsuntsev has been detained in civil immigration detention since, Mr.Korsuntsev, too possesses the same liberty interest as Black and GM. In Black Court found that there is a high risk of erroneous deprivation of rights for 1226(c)-detained noncitizens because there are almost non-existent procedural protections in

place for section 1226(c) detainees[.] *id. at 152.* The Court
observed that while 1226(c)-detained noncitizens possess due
process protections in other adjacent domains-such as the ability
to ask for matter of Joseph hearings, which resolve whether they
may be subjected to mandatory detention--those mechanisms are
insufficient in covering over the deficient processes noncitizens
possess for requesting their actual release. see id. The Court
thus concluded that 1226(c)-detained noncitizen are faced with
even higher risk[s] of erroneous deprivation of their private
liberty interests than 1226(a)-detained noncitizens. *see id.* Here
Mr. Korsuntsev has not recieved any mechanism that would ensure
an impartial adudication of his continued detention. Rather, the
only review of Mr.Korsuntsev of continued detention has been by
ICE. Therefore, Mr.Korsuntsev risk of erroneous deprivation id
thus markedly high. The Second Circuit determined that the
competing government intrest in preventing a 1226(c)-detained
noncitizen from receiving a bond hearing is minimal. The Court
outlined that the government possesses two primary interests in
denying mandatorily-detained noncitizens from receiving a bond
hearing at this stage: ensuring the noncitizen's appearance at
proceedings and protecting the community from danger. *see id.* at
153-54. The court, however,indicated these intrests are not
undercut by the relief Mathews provides in a procedural sense. It
assessed at any ordered bond hearing, the IJ would assess on an

individualized basis whether the noncitizen detainees. *Id.* Since the procedural protection that flows out of the first two *mathews* factors does not overburden the government's interest at the third factor, the court found relief reasonable and necessary.

16. In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal, *id.* at 702. Interim administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonable foreseeable future, 8 C.F.R. §241.13(b)(2)(ii).

17. Petitioner has been in ICE custody since July 19, 2024. Petitioner's order of removal became final on October 16, 2024. Therefore, the presumptively reasonable removal period of six months for Petitioner.

LEGAL BACKGROUND

18. Section 236(c) of the Immigration and Nationality Act, as amended, provides that "the attorney General shall take into custody any alien who" is removable from this country because he has been convicted of one of a specified set of crimes. The statute requires the Department of Homeland Security to take into custody any alien who "is deportable" from the United States based on having been convicted of any of a wide range of crimes.

19. Petitioner  crimes is aggravated felonies/ CTM's, it is respectfully submitted that INA §236(c) and other mandatory detention statutes are deemed unconstitutional by a majority of courts. See Hoang v. Comfort, 282 F. 3d 1247 (10th Cir. 2002); Patel v. Zemski, 275 F. 3d 299 (3d Cir. 2001).

20. While it is established that inadmissible aliens or those subject to exclusion orders do not enjoy due process rights under the Fifth Amendment of the United States Constitution, several district courts have affirmed that courts have the power and responsibility to review the government's exercise of detention in cases involving inadmissible aliens. See Zadvydas v. Davis, 121 S. Ct. 2491, 2501 (2001) ("Aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law," quoting Shaughnessy v. United States ex rel Mezei, 345 U. S. 206, 212 (1953)). See also Clark v. Martinez, 125 S. Ct. 716, 160 L. Ed. 29 734, 73 ULLW 4100 (U.S. 2005).

21. Although Petitioner is  subject to a final order the removal and his detention is prolonged. The Supreme Court's decision in Zadvydas that removable and excludable aliens are situated differently before an order of removal is entered. The Court went on to hold that both removalbe and inadmissible aliens are entitled to be free from detention that is arbitrary and

capricious. The Court stated that six months was the maximum period of post order detention that was presumptively reasonable given the alien's fundamental liberty interest, Zadvydas, 533 U. S. at 692.

22. The Court in Patel v. Zemski, 275 F. 3d 299 (3d Cir. 2001) also stated that under Zadvydas immigration detention implicates a fundamental liberty interest and that the INS is limited to a "period reasonably necessary to bring about the alien's removal generally no more than six month," id at 209 citing Zadvydas, 533 U. S. at 692. Additionally, the Code of Federal Regulations recognizes that the Service's Headquarters Post-Order Detention Unit (HQPODU) must make a determination within a six month period as to whether there is a significant likelihood that the alien can be removed from the United States in the reasonably foreseeable future. See 8 C.F.R. §241.13(b)(2)(ii). Presumptive reasonable time established by the Supreme Court. Such prolonged detention is arbitrary and capricious since Petitioner's removal to Uzbekistan is not likely to occur in the reasonable foresseeable future.

23. Prior to the Supreme Court's decision in Zadvydas, courts in the third circuit determined that aliens are not subject to prolonged post-oder detention. See Chi Thon Ngo v. INS, 192 F. 3d 390 (3rd Cir. 1999) ("Stakes are high and we emphasize that grudging and perfunctory review is not enough to

satisfy the due process right to liberty, even for aliens"). In Chi Thon Ngo, the court found that the statue satisfied due process because it provided for "searching periodic reviews" of the basis for detention but granted the petitioner's writ of habeas corpus since he had not received the "rigorous reviews of his eligibility for parole that due process requires," id at 399.

24. Following Zadvydas, the Attorney General promulgated regulations establishing a process for determining the custody of aliens subject to prolonged detention awaiting execution of a removal order, see 8 C.F.R. §241.13, which applies to aliens such as Petitioner "who are subject to a final order of removal and are detained under the custody review procedures provided at section §241.4 after the expiration or removal period. "Section 241.13 tracks Zadvydas's mandate in that it requires a deportable alien to first establish a basis that removal in the 'reasonably foreseeable future' is not possible," Jabir v. Ashcroft, No. CIV.A.03-2480, 2004 WL 60318, at 85 (E.D. La. Jan. 8, 2004).

25. A non-citizen who is detained may trigger HQPODU review of whether there is a significant likelihood of removal in the reasonably foreseeable future by written request, 8 C.F.R. § 241.13(d). The HQPODU must respond to such a request within ten business days, acknowledge the request, and explain the process that will be followed to consider the request, 8 C.F.R. § 241.13(e)(1). The HQPODU must assess the detainee's cooperation

with removal efforts in addition to factors such as the history
of ICE's "efforts to remove aliens to the country in question of
third countries, . . . the ongoing nature of efforts to remove
this alien, . . . the reasonably foreseeable results of those
efforts, the views of the Department of State regarding the
prospects of removal of aliens to the country or countries in
question, and the receiving country's willingness to accept the
alien into its territory," 8 C.F.R. §241.13(f). According to the
regulations, while "there is no presumptive period of time within
which the alien's removal must be accomplished, . . . the
prospects of the timeliness of removal must be reasonable under
the circumstances," 8 C.F.R. §241.13(g). If HQPODU determines
that there is no significant likelihood that the alien will be
removed in the reasonable foreseeable future, the alien is to be
released, upon appropriate conditions, unless "special
circumstances" exist, 8 C.F.R. §241.13(g)(1).

    26. Special circumstances allowing the continued detention
of non-citizen who are subject to removal but unlikely to be
removed in the reasonably foreseeable future include those who
pose a special safety risk to the public, in the sense that they
carry contagious diseases, 8 C.F.R. §241.14(b); pose serious
adverse foreign policy consequences, 8 C.F.R. §241.14(c); are
being detained because of anti-terrorism concerns, 8 C.F.R. §
241.14(d); or have been determined to be "specially dangerous,"

either because of the alien's criminal record or by virtue of
mental illness, 8 C.F.R. §241.14(f).

27. In the instant case, Petitioner had not received a
"searching periodic review" of his custody status. ICE has never
asserted that special circumstances exist to justify Petitioner's
prolonged detention, or that Petitioner poses a danger to
national security or that he's a flight risk. Thus, Petitioner
alleges that his detention violates both substantive and
procedural due process insofar as ICE has failed to conduct a
periodic review of his status in accordance with its own
procedures and has made no determination that he posed either a
danger to society or a flight risk.

28. This Court should grant Petitioner's writ of habeas
corpus because the government has failed to acknowledge its
compliance with all of the obligations of his detention or
provide another valid reason for his continued detention, and his
unjustly prolonged detention deprives Petitioner of his liberty,
see Chi Thon Ngo, 192 F. 3d at 393. There is no justifiable
reason for his continued detention. Since Petitioner's detention
has continued beyound the six-month post removal order period,
his continued detention should be deemed an unlawful deprivation
of his liberty, see Zadvydas, 522 U. S. 678.

29. Petitioner further contends that his prolonged detention
without the possibility of bond violates the United States

Constitution. Petitioner respectfully requests that this
honorable court consider as persuasive authority the decision of
the United States Court of Appeals for the Third Circuit with
respect to the application of the time limiting provision of 8
U.S. C. §1226 as preventing the prolonged detention of
inadmissible or excludable aliens, see Patel v. Zemski, 275 F. 3d
299 (3d Cir. 2001) (holding that mandatory detention of aliens
after they have been found subject to removal violates their due
process rights unless they have been afforded the opportunity for
an individualized hearing at which they can show that they do not
pose a flight risk or danger to the community); Chi Thon Nog v.
INS, 192 F. 3d 390, 398 (3d Cir. 1999) (same).


## FIRST CLAIM FOR RELIEF

    30. Petitioner re-alleges and incorporates by reference
paragraphs 1 through 29 as is set forth fully herein.

    31. The government is illegally detaining Petitioner because
he has been in custody for over 8 months and he will not be able
to be removed to Uzbekistan in the reasonably foreseeable future.

    32. Petitioner's continued detention by Respondent is
unlawful and contravenes 8 U. S. C. §1231(a)(6) as interpreted by
the Supreme Court in Zadvydas. The six month presumptively
reasonable period for removal efforts has expired. Petitioner
still has not been removed and he continues to languish in

detention. Petitioner's removal to Uzbekistan or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in Zadvydas that the ICE's continued detention of someone like Petitioner under such circumstances is unlawful.

33. Petitioner requests that the government show cause why his continued detention is justified.

SECOND CLAIM FOR RELIEF

34. Petitioner re-alleges and incorporates by reference paragraphs 1 through 33 above as set forth herein.

35. Petitioner alleges that in light of the equities in this case, his prolonged detention more than six months violates his right to substantive due process under the Fifth Amendment of the United States Constitution.

36. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailered to serve a compelling government interest. While respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify his indefinite detention. Zadvydas recognized that ICE might continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six-months. Petitioner has already been detained in excess of six months and his removal is

not significantly likely to occur in the reasonably foreseeable
future.

### THIRD CLAIM FOR RELIEF

37. Petitioner re-alleges and incorporates by reference each
and every allegation contained in paragraphs 1 through 36 as set
forth fully herein.

38. Petitioner alleges that in light of the equities in this
case, his prolonged detention more than six months without a
meaningful review of his detention in accordance with federal
regulations violates his right to procedural due process under
the Fifth Amendment of the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant
the following relief:

1) Assume jurisdiction over this matter;

2) Issue an order requiring respondents to promptly release
Petitioner because there is no likelihood that he will be removed
to Jamaica in the reasonably foreseeable future;

3) Order the Attorney General and his agents not to remove
Petitioner from the jurisdiction of this Court during the
duration of the consideration of this petition.

4) Grant any other and further relief that this Court deems
just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct. Respectfully submitted this date on April 25,2025.

Oleg Korsuntsev A#095-942-816
Pro-se Litigant
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

# CERTIFICATE OF SERVICE

I, **Oleg Korsuntsev A#095-942-816**, hereby depose and say, that on April 25, 2025. I enclosed inside a United States Postal service Box/ Envelope, sent a true and certified copy of Motion for Appointment of Counsel. Statement Pursuant to 28 U.S.C & 1746, i Declare, under the penalty of Perjury under the laws of the United States of America, and handed the following documents to the authority of Buffalo Federal detention facility (BFDF) staff for mail and delivery. The foregoing is true and correct to the other party.

Located at the following address:

Kenneth B. Keating Federal Building
100 State Street, room 2120
Rochester, New York 14614

Sworn to before me this 25

day of April ,20 25.

_Aaron A. Stahl_
Notary Public

Respectfully Submitted,

_Korsuntsev Oleg_
**Oleg Korsuntsev A#095-942-816**
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 1402

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

# CERTIFICATE OF SERVICE

I, **Oleg Korsuntsev A#095-942-816**, hereby depose and say, that on April 25,2025. I enclosed inside a United States Postal service Box/ Envelope, sent a true and certified copy Motion To Proceed in Forma Pauperis. Statement Pursuant to 28 U.S.C & 1746, i Declare, under the penalty of Perjury under the laws of the United States of America, and handed the following documents to the authority of Buffalo Federal detention facility (BFDF) staff for mail and delivery. The foregoing is true and correct to the other party.

Located at the following address:

Kenneth B. Keating Federal Building
100 State Street, room 2120
Rochester, New York 14614

Sworn to before me this 25

day of April ,20 25 .

Aaron A Stahl
Notary Public

Respectfully Submitted,

Korsuntsev Oleg

Oleg Korsuntsev A#095-942-816
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 1402

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

# CERTIFICATE OF SERVICE

I, **Oleg Korsuntsev A#095-942-816**, hereby depose and say, that on April 25,2025,I enclosed inside a United States Postal service Box/ Envelope, sent a true and certified copy of  HABEAS CORPUS Statement Pursuant to 28 U.S.C & 1746, i Declare, under the penalty of Perjury under the laws of the United States of America, and handed the following documents to the authority of  Buffalo Federal detention facility (BFDF) staff for mail and delivery. The foregoing is true and correct to the other party.

Located at the following address:

Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

Sworn to before me this 25

day of April ,20 25.

*Aaron A. Stahl*
Notary

Respectfully Submitted,

*Korsuntsev Oleg*

**Oleg Korsuntsev A#095-942-816**
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 1402

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

# *Exhibits*(A)

ICE's 90 days Review



Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
250 Delaware Avenue, Floor 7
Buffalo, NY 14202

**U.S. Immigration**
**and Customs**
**Enforcement**

KORSUNTSEV, Oleg
c/o Immigration and Customs Enforcement
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

A 095 942 816

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file, consideration of the information you submitted to ICE's reviewing officials on February 20, 2025, and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below, after such review, ICE has determined to maintain your custody because:

You have not demonstrated that, if released, you will not:

- Pose a significant risk of flight pending your removal from the United States.

- Pose a danger to the community, to the safety of other persons, or to property.

ICE has made such determination based upon:

Since being admitted to the United States as a Lawful Permanent Resident (LPR), you have been convicted of multiple crimes including but not limited to assault, attempt to commit assault, and damage to property. You have continually shown a blatant disregard for both the civil and criminal laws of the United States and finds you a risk to public safety. Additionally, you have provided minimal community ties, and no evidence of non-government sponsors, specific employment prospects or equities within the United States. For this ICE deems you a risk of flight.

## Decision to Continue Detention
KORSUNTSEV, Oleg 095 942 816

Based on the above, you are to remain in ICE custody pending your removal from the United States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

To assist in the ERO Removal Division custody review, you will be afforded a personal interview. You and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any, will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any.

You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

You may submit any additional documentation in English you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time of your interview to the following address:

Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

You are required to complete the below information.

**I do_____do not_____ want a personal interview.**

**If you do want an interview, please check the appropriate box(es) below:**

## Decision to Continue Detention

KORSUNTSEV, Oleg 095 942 816

☐    Check this box if you need an interpreter for your interview.
     Language/Dialect: _____

☐    I will be assisted at this interview by a representative of my own choosing.

     Name:_____

     If your representative has not filed a G-28, Notice of Entry of Appearance, on your
     behalf, you are responsible for notifying any other person you have selected to assist you
     of the date, time, and location of the interview.  The representative must be at least 18
     years of age.

You will be sent a separate Notice to Alien of Interview for Review of Custody Status
approximately 30 days before the interview is scheduled.  If you wish to request additional time
to prepare for the interview, you must notify your deportation officer within five business days of
receipt of the Notice of Interview.  If ERO agrees to postpone the interview at your request, you
will be deemed to have waived its completion prior to jurisdiction over your case transferring to
the ERO Removal Division.

You will be notified of the decision in your case when the custody review has been concluded by
the ERO Removal Division.

_____          02/21/2025
Signature of Field Office Director, ERO/Designated Representative          Date

**Decision to Continue Detention**
KORSUNTSEV, Oleg 095 942 816

## PROOF OF SERVICE

### (Officer to complete both (a) and (b) below.)

(a)  I _S. McDonald_ , _DO_ ,

certify that I served _Oleg  KORSUNTSEV_ with a copy of

this document at _BFDF_ on _2-26-26_, at _1740_.

(b)  I certify that I served the custodian _____,

_____, at _____, on

_____ with a copy of this document.


Detainee Signature:_____  Date: _____

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# *Exhibits* (B)

N.T.A

DEPARTMENT OF HOMELAND SECURITY

**NOTICE TO APPEAR**

DOB: 05/14/1987

Event No: CPD2309000388

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 388194430

File No: 095 942 816

In the Matter of:

Respondent: OLEG KORSUNTSEV _____ currently residing at:

WALLKILL CF 19R0464 EPR 01/20/2025 Wallkill,NEW YORK, 12589

<table>
<tr><td>(Number, street, city, state and ZIP code)</td><td>(Area code and phone number)</td></tr>
</table>

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of the Union of Soviet Socialist Republics and a citizen of UZBEKISTAN;

3. Your status was adjusted to that of a lawful permanent resident on September 15, 2006 under section 245 of the Act;

4. You were, convicted of the crime of Attempted Assault in the First Degree in violation of Section 110/120.10 (01) of the New York State Penal Law, pursuant to a judgment entered on or about February 25, 2019, by the Supreme Court of the State of See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

BERME RD NAPANOCH NY 12458. ULSTER CORRECTIONAL FACILITY
(Complete Address of Immigration Court, including Room Number, if any)

on April 5, 2024 at 10:00 AM to show why you should not be removed from the United States based on the
(Date)            (Time)

charge(s) set forth above.

TIMOTHY J NEVIN - SDDO
(Signature and Title of Issuing Officer)

Date: February 22, 2024 _____
Newburgh, NY
(City and State)

DHS Form I-862 (6/22)

Page 1 of

U.S. Department of Homeland Security          Continuation Page for Form __I-862__

| Alien's Name<br>**KORSUNTSEV, OLEG** | File Number<br>095 942 816<br>Event No: CPD2309000388 | Date<br>02/22/2024 |
|---|---|---|

THE SERVICE ALLEGES THAT YOU:
--------------------------------
New York, County of Kings, under superior case number 07229-2016;

5. For the aforementioned offense, you were sentenced to a term of imprisonment of at least one-year.

6. You were, convicted of the crime of Attempted Assault in the Third Degree in violation of Section 110/120.00 of the New York State Penal Law, pursuant to a judgment entered on or about July 07, 2008, by the Supreme Court of the State of New York, County of Kings, under superior case number 2007KN079817;

7. These crimes did not arise out of a single scheme of criminal misconduct.


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
------------------------------------------------------------------------------------
------------------------------------------
Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act.

| Signature<br>TIMOTHY J NEVIN | Title<br>SDDO |
|---|---|

_4_ of _4_ Pages

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the Internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

---

### Certificate of Service

This Notice To Appear was served on the respondent by me on ___2/28/24___ , in the following manner and in compliance with section 239(a)(1) of the Act.

☐ In person ☐ by certified mail, returned receipt # _____ requested ☒ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
*(Signature of Respondent if Personally Served)*

TIMOTHY J NEVIN - SDDO
_____
*(Signature and Title of officer)*

DHS Form I-862 (6/22)

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

DHS Form I-862 (6/22)

Page 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Oleg Korsuntsev

          Petitioner,

    v.

*Pam Bondi*, Attorney General

          Respondents.

MOTION FOR APPOINTMENT
OF COUNSEL PURSUANT TO
18 U.S.C § 3006A
     Civ. No.:

---

     Petitioner is a citizen of Uzbekistan. Petitioner is in ICE custody in the United States, but has been ordered removed to uzbekistan by an Immigration Judge. Petitioner's removal order is final, but Petitioner cannot be removed to Uzbekistan, or any other country; Thus, Petitioner remains indenfinitely detained in ICE custody, and has been confined for a period far longer than the law mandates. Under 8 U.S.C § 1231(a)(1)-(2), once an alien has been ordered removed, the attorney General must cary out the removal within a period of 90 days, during which time the alien shall be detained. The post-removal-period provision of the same statute, 8 U.S.C. § 1231(a)(6), allows for certain aliens to be detained beyond the removal period, but the Supreme Court explicitly limited this detention period in Zadvydas v. Davis, 533 U.S.678 (2001). In that case. the court held that § 1231(a)(6) restricts an alien's post-removal period detention to a period reasonably nessary to bring about that alien's removal, and that it " does not permit indefinite detention." Zadvydas, 533 U.S. at 689. The Court found that a presumption exits that an alien may not be held longer than six months; the General rule is that an alien may no longer be confined when is " no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. In Clark v. Martinez, the Supreme Court extended this holding to inadmissible alien. 125 S. Ct. 716, 722 (2005). The question as to whether Petitioner's detention is in violation of the laws of the United States is one for a federal habeas court to hear. 28 U.S.C.§ 2241. Accordingly, Petitioner files the accompanying habeas corpus petition, pursuant to 28 U.S.C. § 2241, requesting that

this court order Petitioner's release. Therefore, Petitioner requests this court appoint counsel to represent Petitioner in this habeas action.

I.    The Court should Exercise Its Discrection to Appoint Counsel

Assuming that a petitioner has shown finacial need, a district court may appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "intrests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Courts have often examined three elements indetermining whether appointment of counsel is necessary; the likeihood of success on the merits, the complexity of the legal issues involved in the case, and the ability of the petitioner to present the case in light of its complexity. see e.g. Weygandt v. Look. 718 F.2d 952,954 (9th Cir. 1983); Saldina v. Thornburgh. 775 F. Supp. 507,511 (D.Conn. 1991). Petitioner would encounter great difficlty in presenting this habeas corpus case alone. The Report on the predecessor to § 3006A(a)(2)(B) recognized that habeas corpus proceedings often present "serious and complex issues of law and fact" that would necessitate the assisstance of counsel. H.R. Rep. No. 1546,91 cong. 2d Sess.(1970), reprinted in 1970 U.S.C.C.A.N. 3982, 3993. In addition, the congressional report on § 3006A(2)(B) stated that  a court should appoint counsel when "necessary to insure a fair hearing." Id. The complexity of a habeas case will pose an especially great obstacle for Petittioner. In Light of the complicated issues invlved in habeas case and Petitioner's inability to adequately present the case at bar, as well as petitioner's likelihood of suceess on the merits. this court should exercise its discrection to appoint counsel under 18 U.S.C. 3006A(a)(2)(B).

II.    Appointment of Counsel Is Necessary Because Discovery Is Imperative

The rules governing habeas proceedings require the appointment of counsel in certain circumstances. Under Rule 6(a), 28 U.S.C foll.§ 2254, a Judge must appoint counsel for Petitioner if it is necessary for effective utilization of discovery procedures. ICE has information and documents relevant to petitioner's habeas petition, and without the assistance of counsel, Petitioner will not be able to effectively pursue discovery and, as a result, will not adequately present his

claims. The aid of an attorney is especially important in this case, given petitioner's lack of familiarity with the legal procedure involved in requesting and obtaining discovery. Moreover, even if Petitioner were to obtain documents in discovery, without the assistance of counsel, Petitioner would not be capable of analyzing them to determine his likelihood of being removed in the foreseeable future.

III.     An Evidentiary or Motion Hearing May Be Necessary

    Under Rule 8(c), 28 U.S.C. foll. § 2254, the court is required to appoint counsel in a habeas proceeding if an evidentiary hearing is needed. An evidentiary hearing will likely be necessary in this case. Regardless of any other issues, if an evidentiary hearing is scheduled, the court must appoint counsel for Petitioner.

    For the above reasons, this court should appoint counsel to assist Petitioner in instant habeas proceeding challenging Petitioner's detention by ICE, pursuant to the Supreme Court decision in Zadvydas and Martinez.

Dated; April 25,2025

Sworn to before me this 25

day of April ,20 25.

_Aaron A. Stahl_
Notary

Respectfully Submitted,
*Korsuntsev Oleg*
Oleg Korsuntsev Pro-se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 1402

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Oleg Korsuntsev

        Petitioner,

    v.

*Pam Bondi*, Attorney General

        Respondents.

                                  Civ. No.
_____

# ORDER

Upon consideration of Petitioner Mr.Korsuntsev's Petition for a Writ of Habeas Corpus and Motion for Appointment of Counsel, it is hereby

    **ORDERED** that Petitioner's Motion for Appointment of Counsel

 is hereby GRANTED

Done and dated rhis _____day of _____,2025

                                BY THE COURT:

                                _____
                                United States District Judge

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Korsuntsevi Oleg

**DEFENDANTS**

Jeffrey Searls in his official capacity as Officer-in-Charge of the Buffalo Federal Detention Facility

**(b)** County of Residence of First Listed Plaintiff   Genesee County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Genesee County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2241

Brief description of cause:
Ongoing detention violates due process

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

FSC MIX PAPER

CHRISTMAS

Buffalo Federal Detention Facility

■ specified for domestic use.
■ Domestic ... clude $100 of insurance (restrictions apply).*
■ USPS Tracking® service included for domestic and many international destinations.
■ Limited international insurance.**

**FROM:**

Buffalo Federal Detention Facili
4250 Federal Drive
Batavia New York, 14020
Korsuntsev, Oley No. 2816

**TO:**

Kenneth B. Keating
Federal Building
100 State Street
Rochester, New York 14614

Retail

US POSTAGE PAID
$0.00
PRIORITY MAIL®

Origin: 14020
04/28/25
3505200020-17

0 Lb 13.40 Oz
RDC 03
C002

EXPECTED DELIVERY DAY: 04/30/25

SHIP TO:
100 STATE ST
ROCHESTER NY 14614-1350

USPS TRACKING® #

9505 5143 7087 5118 5821 13

PS00001000014

OD: 12 1/2 x 9 1/2

POUCH